# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JUSTAN B. CANTRELL,

    Petitioner,    :  Case No. 3:18-cv-174

 - vs -          District Judge Walter H. Rice
              Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
 London Correctional Institution

             :

    Respondent.

# REPORT AND RECOMMENDATIONS

   Petitioner Justan Cantrell brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court on charges of aggravated and having weapons under a disability with a firearm specification for which he was sentenced to six years imprisonment in Respondent's custody. The case is before the Magistrate Judge on initial filing for review under Habeas Corpus Rule 4 which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

   Cantrell has prepared his Petition on the standard form prescribed by the Rules Governing § 2254 Cases. However, Paragraph 12 of the form requires him to "state every ground on which you claim you are being held in violation of the Constitution, laws, or treaties of the United States. . . . " Although the form provides space for four separate grounds for relief with supporting facts

1

and a report of what has happened with those claims in the state courts, Cantrell has omitted all those pages. Instead, he attaches a "Supplemental Brief" in which he states as a Supplement to Ground One that he "alleges ineffective assistance of trial counsel for a series of claims." (ECF No. 1, PageID 9). Nowhere else in the Petition does he give any detail of what those claims might be. He pleads that he took a direct appeal to the Second District Court of Appeals, but his assignments of error did not include any claim of ineffective assistance of trial counsel (See PageID 2). He also pleads that he filed an application to reopen his direct appeal under Ohio R. App. P. 26(B)(PageID 5).

Examination of the docket maintained by the Montgomery County Clerk of Courts shows that in Case No. 2015 CR 01567 Cantrell was sentenced on the offenses of conviction by Common Pleas Judge Michael Krumholtz on December 14, 2015. He appealed to the Second District Court of Appeals which affirmed the judgment. *State v. Cantrell*, Case No. 26975 (2nd Dist. Nov. 4, 2016). The sole assignment of error was the legal sufficiency and manifest weight of the evidence, not any question of ineffective assistance of trial counsel.

On February 6, 2017, Cantrell filed a *pro se* 26(B) Application in which he complained that his appellate counsel, attorney Jimmy Christon, who had also been his trial counsel provided ineffective assistance of appellate counsel when he failed (1) misstated in the Brief that Cantrell entered the victim's residence with a gun, (2) failed to assert his own ineffective assistance of trial counsel because of the conflict of interest, and (3) failed to assert his own ineffective assistance of trial counsel in failing to file a motion to suppress the gun. The Second District denied the application and the Ohio Supreme Court declined appellate review. *State v. Cantrell*, 149 Ohio St. 3d 1407 (2017). It does not appear from the docket or the Petition that Cantrell ever filed a

petition for post-conviction relief under Ohio Revised Code § 2953.21 to raise his claims of ineffective assistance of trial counsel.

The Petition as presented to this Court does not state a claim upon which habeas corpus relief can be granted. It does not give any detail about the ways in which Cantrell alleges he was provided with ineffective assistance of trial counsel. Rule 2 of the Rules Governing Habeas Corpus Proceedings requires a petitioner to specify all the grounds for relief and state the facts supporting each ground. All Cantrell has done is state in very general terms that he is claiming ineffective assistance of trial counsel. This is not sufficient.

Accordingly, it is respectfully recommended that the Petition be dismissed without prejudice for failure to state a claim. In the alternative, Cantrell may, not later than the date on which objections to this Report are due, file an amended petition which meets the requirements of Habeas Rule 2 by telling this Court what Mr. Christon did or did not do that Cantrell alleges constituted ineffective assistance of trial counsel.

May 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the

Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).