# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUSTAN B. CANTRELL,

            Petitioner,      :      Case No. 3:18-cv-174

  - vs -                              District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
  London Correctional Institution

                                    :

            Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

      Petitioner Justan Cantrell brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court on charges of aggravated burglary and having weapons under a disability with a firearm specification for which he was sentenced to six years imprisonment in Respondent's custody. Upon initial review under Rule 4, the Magistrate Judge recommended dismissal because the Petition was vague about what claims the Petitioner was raising. As an alternative to filing objections, the Magistrate Judge offered Petitioner the option of filing an amended petition, which he has now done. Therefore the initial Report and Recommendations (ECF No. 3) is WITHDRAWN and the Magistrate Judge will analyze the Amended Petition (ECF No. 4) under Habeas Rule 4.

      The Amended Petition contains four grounds for relief, grouped according to the state court proceeding in which they were raised. They will be referred to herein as Direct Appeal Ground One and 26(B) Grounds One, Two, and Three.

**Direct Appeal Ground One**: The Ohio Court of Appeals decision to affirm the trial court's verdict against the Sufficiency and Manifest of the evidence in support of Petitioner's Aggravated Burglary was an unreasonable Application Well established Federal Law.

**Supporting Facts:** The facts of this case demonstrate that petitioner never used any force to gain entry to the victims home; the evidence in this case demonstrates the screen door was open and therefore, Petitioner could not have entered with any type of force. The trial court's courts force determination was clearly erroneous and should not have prevailed on appeal.

**26(B) Ground One:** Trial counsel rendered Ineffective assistance of counsel by incorrectly stating the petitioner entered the victim residence with a gun.

**26(B) Ground Two:** Counsel rendered ineffective assistance at trial for sure; his failure to advise the court of his ineffective misapplying facts; were erroneous to petitioner appeal.

**26(B) Ground Three:** Counsel rendered ineffective assistance of counsel for failure to file a suppression hearing that would have suppressed the weapon in this case.

**Supporting Facts**: Petitioner states these claims within his [Application for Re Opening] and states the Ohio Court of Appeals decision was unreasonable application of well established Federal Law when the Ohio Court of appeals reached the same unfair and Contrary to Well Established Law as the Trial court did at trial and therefore, Petitioner is entitled to relief from counsel's deficient decision and assistance in representation of Petitioner.

Had counsel filed a suppression hearing to suppress the Gun, Petitioner would have prevailed at trial as there is no evidence to support Petitioner entered the home forcefully with a gun. Therefore, the Ohio court of appeals decision was Contrary to Well Established Federal Law.

(Amended Petition, ECF No. 4, PageID 22-23.)

**Procedural History[1]**

Petitioner was indicted on charges of aggravated burglary with a firearm specification and having a weapon while under disability. He waived his right to a jury and the case was tried to the bench. The trial judge convicted Cantrell and sentenced him to six years imprisonment, including the three-year consecutive term required by the firearm specification.

Cantrell appealed, raising only one assignment of error, to wit, that his conviction was not supported by legally sufficient evidence and was against the manifest weight of the evidence. The Second District Court of Appeals affirmed the conviction. *State v. Cantrell*, 2016-Ohio-7623, 2016 Ohio App. LEXIS 4480 (2nd Dist. Nov. 4, 2016), and the Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Cantrell*, 149 Ohio St. 3d 1407 (2017).

On February 6, 2017, Petitioner filed an Application for Reopening under Ohio R. App. P. 26(B) pleading three assignments of error allegedly omitted on direct appeal as a result of his attorney's providing ineffective assistance of appellate counsel:

> **First Assignment of Error:** Appellate Counsel was ineffective when he provided stated incorrect Information within the Statement of facts in this case that prejudiced defendant on appeal.
>
> **Second Assignment of Error:** Appellate Counsel on appeal was the Same as his Trial Counsel, and this Conflict of interest prevented Counsel from assigning Ineffective Assistance of counsel on appeal, which prejudiced defendant for not ensuring that appellant issued were properly raised on his direct appeal.
>
> **Third Assignment of Error:** Appellate Counsel was Ineffective on appeal for failing to raise reasons why he failed to file a Motion to Suppress Evidence of a Gun at trial, Appellate counsel failed to raise multiple Motion at trial, and therefore appellant suffered prejudiced on direct appeal thereafter.

---
[1] The facts in this Report are taken from *State v. Cantrell*, 2016-Ohio-7623, 2016 Ohio App. LEXIS 4480 (2nd Dist. Nov. 4, 2016).

(On file with Montgomery County Clerk of Courts Russell M. Joseph, www.mcclerkofcourts.org. Case No. 26975, visited June 5, 2018). The Second District denied the Application on the merits (*State v. Cantrell*, Case No. 26875 (2nd Dist. Mar. 30, 2017)(unreported; copy filed at ECF No. 5)). The Ohio Supreme Court again declined review. *State v. Cantrell*, Case No. 2016-1816 (Entry of May 17, 2017). Cantrell then filed his habeas Petition in this Court on April 30, 2018.[2]

# Analysis

**Direct Appeal Ground One: Sufficiency of the Evidence**

In his first ground for relief, Cantrell claims the Second District Court of Appeals erred when it found his conviction was supported by sufficient evidence and was not against the manifest weight of the evidence.

The second part of this claim is not cognizable in federal habeas corpus because a conviction against the manifest weight of the evidence does not violate the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457

---

[2] Although the Petition was not received by the Clerk until May 21, 2018, Cantrell is entitled to a filing date of April 30, 2018, the date he claims he placed it in the prison mailing system. (ECF No. 1, PageID 7.)

> U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the supreme court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. …

*Martin,* 20 Ohio App. 3d 172 (paragraph three of the syllabus).

5

On the other hand, an allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law that determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S.Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA" codified at 28 U.S.C. § 2254), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner

> challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, [2], 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The

federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*).

In evaluating the evidence at trial, the Judge Hall wrote for the Second District:

> [*P9] On appeal, Cantrell challenges the "force, stealth, or deception" element of his aggravated-burglary conviction.
>
> * * *
>
> [*P12] With the foregoing standards in mind, we conclude that Cantrell's aggravated-burglary conviction is supported by legally sufficient evidence and is not against the weight of the evidence. As set forth above, the primary basis for the trial court's finding of a trespass by force was the testimony of Lillia Arnold. The trial court found her testimony to be the most credible, noting that she had "no dog in this fight, and was simply an unfortunate witness of the events which unfolded at Ms. Cranford's apartment." (Doc. # 61 at 3). The trial court specifically credited Arnold's testimony "that she saw the Defendant opening the screen door and enter Ms. Cranford's apartment." (Id. at 4). This testimony was legally sufficient to establish the "force" element of aggravated burglary. *See, e.g., State v. McWilliams,* 2d Dist. Greene No. 2000 CA 89, 2001-Ohio-1452, 2001 WL 1203395, *3 (Oct. 12, 2001) (recognizing that HN3 opening a closed but unlocked door is sufficient to constitute the use of force).

*State v. Cantrell,* 2016-Ohio-7623.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Second District's decision on the sufficiency of the evidence is clearly a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). The trial judge heard direct eyewitness testimony from a disinterested witness about the degree of force used by Cantrell to enter Cranford's apartment. That testimony was corroborated by Cranford herself. Cantrell did not testify himself to contradict Lillia Arnold's testimony. The Second District compared the testimony on the amount of force used with its own precedent describing the amount of force needed to satisfy the force element of the aggravated burglary statute.

Because the Second District's decision is a reasonable application of Supreme Court precedent, Petitioner's Direct Appeal Ground One is without merit.

### 26(B) Ground One: Misstatement of Facts Regarding Gun

Cantrell next claims he received ineffective assistance of appellate counsel when his appellate attorney recited in the statement of facts that he entered the Cranford residence with a gun. In his Application for Reopening, Cantrell stated this as a claim that he had never admitted carrying a gun into the residence.

The Second District rejected this claim on the merits. It found that

> The victim and an eyewitness neighbor both testified that he entered the apartment brandishing a gun. No one testified that Cantrell did not have a gun, and he opted not to testify in his own behalf. Therefore, we see no possible ineffective assistance from appellate counsels' concession that Cantrell had a gun. The record contains no evidence to the contrary.

*State v. Cantrell,* Case No. CA 26975 (2nd Dist. Mar. 30, 2017)(copy at ECF No. 5, PageID 27.)("*Cantrell 26(B)*").

9

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).

The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52.) Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v.*

11

*Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

The Second District's decision on this claim is clearly a reasonable application of *Strickland*. By the time of the appeal, Cantrell had already been convicted of the firearm specification and having a weapon under disability. Possession of a firearm was an element of each of these two charges. Thus the trial judge had already decided beyond a reasonable doubt that Cantrell possessed the gun and no appeal was taken either on the specification or the weapons conviction. Counsel's concession that Cantrell had a gun cannot possibly have had an impact on the outcome of the appeal. Therefore the 26(B) Ground One should be dismissed on the merits.

**26(B) Grounds Two and Three: Conflict of Interest**

In his second and third 26(B) grounds for relief, Cantrell argues his attorney had a conflict of interest – he had also been trial counsel -- and the conflict prevented him from raising claims of ineffective assistance of trial counsel. In rejecting these claims, the Second District wrote:

> Simply having the same attorney at trial and on direct appeal does not per se raise a colorable claim of ineffective assistance of appellate counsel. Cantrell still must identify something that his attorney did, or failed to do, that arguably constituted prejudicially

> deficient representation. As set forth above, Cantrell complains about his trial counsel's failure to file a suppression motion. Specifically, he contends his attorney should have sought to suppress evidence of him having a gun. He has failed, however, to identify any legal basis on which such evidence should have been suppressed. Absent a showing by Cantrell that a motion to suppress would have had potential merit, the failure to seek suppression, or appellate counsel's failure to raise this on appeal, did not constitute ineffective assistance.
>
> Cantrell's claim about his attorney telling him a bench trial would involve a three-judge panel does not justify reopening his direct appeal because it is not supported by the record. We reach the same conclusion with regard· to Cantrell's claims about his trial counsel failing to mention the victim being addicted to crack cocaine and owing him money. If Cantrell raised these issues in a reopened appeal, they would fail because the record contains no evidence that the victim was addicted to crack or that she owed him money. "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of RC. 2953.21." *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999). Finally, even assuming arguendo that defense counsel provided deficient representation by not impeaching the victim based on the foregoing matters, we see no genuine issue as to whether Cantrell was prejudiced by counsel's actions. In finding him guilty, the trial court relied on the testimony of the victim's neighbor, not the testimony of the victim. The trial court expressly stated that it believed the neighbor's testimony about seeing Cantrell open a closed screen door and enter the victim's apartment. Impeaching the victim about drug addiction and a debt would not affect the trial court's reliance on the neighbor's testimony. Failure to raise these issues on appeal does not constitute ineffective assistance.

*State v. Cantrell, supra,* copy at ECF No. 5, PageID 27-28.

The Second District's decision of these claims is clearly a reasonable application of *Strickland*. As to the possibility of suppressing the gun, Cantrell has not shown how that could have been done. The gun itself was not introduced in evidence. Thus there could not have been a Fourth Amendment claim about the seizure of the weapon, the usual basis for a motion to suppress.

As the Second District pointed out, there was no evidence of record to show the victim was addicted to crack cocaine or that she owed Cantrell money. If those facts were material to proving

his trial attorney was ineffective for not using them in cross-examination, they could have been introduced in a proceeding for post-conviction relief under Ohio Revised Code § 2953.21, but Cantrell never filed such a petition and the time for doing so has long since expired. The same is true of any evidence about misadvice about a three-judge panel. A court comprising three Common Pleas judges is only available as an alternative to trial by jury in a capital case, so advice that Cantrell could get a three-judge panel here would have been wrong. But there is no evidence of record that the trial attorney ever gave such advice. The 26(B) Grounds for Relief Two and Three are without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 5, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).