# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUSTAN B. CANTRELL,

              Petitioner,    :    Case No. 3:18-cv-174

    - vs -                        District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

JEFFREY NOBLE, Warden,
  London Correctional Institution

                               :

              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 7) to the Magistrate Judge's Substituted Report and Recommendations ("Report," ECF No. 6). District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 8).

The Petition pleads one ground for relief related to Petitioner's direct appeal and three grounds related to his claims of ineffective assistance of appellate counsel made in an application to reopen that appeal under Ohio R. App. P. 26(B). That labeling of the grounds is carried over here from the Amended Petition.

**Direct Appeal Ground One:  Insufficient Evidence**

In his first Ground for Relief, Cantrell claims he was convicted on insufficient evidence of the offenses of aggravated burglary with a firearm specification and having weapons under disability.  The Report concluded that the decision of the Second District Court of Appeals on this issue was entitled to deference under the 28 U.S.C. § 2254(d) (Report, ECF No. 6, PageID 38).

Petitioner objects that "there was no evidence other than the witness testimony to any gun being used during Petitioner's entry of the residence." (Objections, ECF No. 7, PageID 47).  But Ohio law does not require, and, indeed, has never required that the use of a weapon in a crime had to be proved by producing the gun itself.  Ms. Lillia Arnold testified she saw Cantrell enter Ms. Cranford's apartment with a gun.  Judge Hall noted on appeal that Ms. Arnold was a completely disinterested witness and that her eyewitness testimony was sufficient to establish that Petitioner used a gun in entering Ms. Cranford's residence.

Ms. Arnold's testimony, along with that of Ms. Cranford, supported the force element of aggravated burglary charge.  The trial judge accepted that testimony about the amount of force used and found it was sufficient under Ohio law.  Cantrell essentially argues that their testimony cannot be believed, but he offers no reason (Objections, ECF No. 7, PageID 48).  That is, he seems to claim that the amount of force testified to should not be enough to support an aggravated burglary conviction under Ohio law, but that is a question for the Ohio courts, not this Court.  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018) (Thapar, J., concurring).

**26(B) Ground One: Misstatement of Facts Regarding Gun**

In this first claim arising from the 26(B) proceedings, Petitioner claims he received ineffective assistance of appellate counsel when that attorney put in the statement of facts on direct appeal that Cantrell entered the Cranford apartment with a gun. The Report concluded that: (a) there could have been no prejudice from this statement, because Cantrell had been convicted of both the firearm specification and having weapons under disability; and (2) at any rate, Cantrell had not appealed either one of those findings (Report, ECF No. 6, PageID 41).

In his Objections, Cantrell first asserts that "[h]ad counsel filed a suppression hearing to suppress the Gun, Petitioner would have prevailed at trial as there is no evidence to support Petitioner entered the home forcefully with a gun." (Objections, ECF No. 7, PageID 49). This claim is not among those made in the 26(B) Application and is completely without merit. No physical evidence of the firearm was presented at trial, so the "gun" itself could not have been "suppressed." Cantrell suggests no basis on which Ms. Arnold's testimony about the gun could have been suppressed and it was this testimony – and not the actual gun itself – that persuaded the trial judge.

Petitioner next characterizes this statement of facts by his attorney as essentially an act of disloyalty: "Counsel was an advocate for the Petitioner. Clearly if petitioner is claiming he did not have a gun on his person, his counsel would perform ineffective assistance to claim otherwise." An appellate attorney – indeed, any attorney – is not bound to make statements to a court that are

contradicted by the record just because his client wants them made. As the Second District held in denying the 26(B) Application, "[n]o one testified that Cantrell did not have a gun, and he opted not to testify on his own behalf." (*State v. Cantrell*, copy at ECF No. 5, PageID 27). If Cantrell was claiming, as he now says, that he did not have a gun, he never made that claim by personal testimony and he never presented any other witness to testify to that claim. Nor did he appeal from the trial court findings that there was a gun, to wit, the firearm specification and the weapons under disability conviction. He does not now suggest what evidence could have been presented to show that he did not have a gun. He was, of course, not required to take the stand in his own behalf, but that left Ms. Arnold's testimony about the gun uncontradicted.

In order to prevail on a claim of ineffective assistance of appellate counsel, a defendant must show both deficient performance and prejudice. Even if out of loyalty the appellate attorney should not have made the concession, there is no showing of prejudice. The Second District's decision on this point is therefore not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), and is, therefore, entitled to deference under 28 U.S.C. § 2254(d)(1).

**26(B) Grounds Two and Three: Conflict of Interest**

In Grounds Two and Three of the 26(B) Application, Cantrell asserts that his appellate attorney had a conflict of interest because he had also been trial attorney. The Second District found there was no colorable showing of ineffective assistance of appellate counsel because the claims of ineffective assistance of trial counsel which the appellate attorney did not raise were without merit.

All that Cantrell says in objection is that there is "case law and precedents of ineffective

4

assistance of counsel when same attorney that represents one at trial, then represent[s] one on appeal faces serious conflict of interest in raising any ineffective assistance on himself during an appeal." (Objections, ECF No. 7, PageID 50). Although Cantrell cites no such precedent, the Magistrate Judge agrees that there are cases which hold that an appellate attorney who was also the trial attorney cannot be expected to accuse himself or herself of ineffective assistance as the trial attorney. *See, e.g.*, *State v. Lentz*, 70 Ohio St. 3d 527, 529-530 (1994); *State v. Carter*, 36 Ohio Misc. 170 (Mont. Cnty. C.P. 1973) (Rice, J.) Counsel cannot be expected to make an argument denigrating their own performance because "such an argument . . .threatens their professional reputation and livelihood." *Christeson v. Roper,* 574 U.S. ----, 135 S. Ct. 891, 894 (2015), citing Restatement (Third) of Law Governing Lawyers § 125 (1998).

But no case law holds that such a conflict of interest means automatically that there was a good ineffective assistance of trial counsel claim that was not raised on appeal because of the conflict. Here the Second District found that none of the ineffective assistance of trial counsel claims not raised had any chance of succeeding. The omitted motion to suppress is dealt with above. It cannot have been ineffective assistance of trial counsel to fail to raise that claim because there was no gun to suppress. There was also no evidence of record to show the victim was addicted to crack or that counsel misadvised Cantrell his case would be tried by a three-judge panel. Moreover, all three of those claims of ineffective assistance of trial counsel would have to be raised by petition for post-conviction relief, because they relied on evidence outside the record. But Cantrell never filed such a motion and has therefore forfeited those claims.

**Conclusion**

Having reconsidered the matter as ordered, the Magistrate Judge again concludes the Petition is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 9, 2018.

                                          s/ *Michael R. Merz*
                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).